John F. Tratnyek (Bar ID #027561991)
Cody C. Hubbs (Bar ID #339942020)
JACKSON LEWIS P.C.
200 Connell Drive
Suite 2000
Berkeley Heights, NJ 07922
(908) 795-5200
ATTORNEYS FOR DEFENDANT

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---------------------------------------------------------------x
KATHERYN WILKINS and
STEPHANIE HUIZINGA, individually
and on behalf of all other persons
similarly situated,

        Plaintiffs,
  v.

AMES RUBBER CORPORATION,

        Defendants.
---------------------------------------------------------------x

Civil Action No. 2:24-CV-08226

**Hon. Stacey D. Adams, U.S.M.J.**
**Hon. Jamel K. Semper, U.S.D.J.**

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

Plaintiffs: Laura Rodriguez, Esq.; Frontera Law PLLC; 411 Theodore Fremd Ave., Suite 235, New York, NY 10022; telephone: (914) 873-4338.

Defendant: John F. Tratnyek, Esq., Cody C. Hubbs, Esq., Jackson Lewis P.C., 200 Connell Drive, Suite 2000, Berkeley Heights, NJ 07922, telephone: (908) 795-5200.

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

**Plaintiff's description of the case**

*This case involves claims of employment discrimination, harassment, retaliation, and wage violations against Defendant Ames Rubber Corporation. Plaintiffs Katheryn Wilkins and Stephanie Huizinga allege that they were subjected to discrimination based on sex and gender identity, a hostile work environment, and retaliation in violation of Title VII, the New Jersey Law Against Discrimination (NJLAD), and the New Jersey Conscientious Employee Protection Act (NJCEPA).*

> *Plaintiff Wilkins is a transgender woman who faced gender identity discrimination while employed by Defendant. Wilkins experienced harassment and discrimination due to her gender identity and was denied promotions and raises. Wilkins was terminated after requesting medical leave, in violation of the Family and Medical Leave Act (FMLA); and the New Jersey Earned Sick Leave Law (ESLL). Plaintiff Huizinga was also discriminated against while employed by Defendant. She experienced ongoing sexual harassment and discrimination, was paid less than her male colleague, and was ultimately constructively discharged.*
>
> *Both Plaintiffs also assert wage and hour violations under the Fair Labor Standards Act (FLSA) and New Jersey Wage and Hour Law (NJWHL), including failure to pay for all hours worked due to Defendant's unlawful time shaving policy and practice. Plaintiffs seek to bring their FLSA claims as a collective action and their state law claims as a class action on behalf of similarly situated employees.*

**Defendant's description of the case**

> *Defendant Ames Rubber Corporation ("Defendant") is still investigating the validity of the claims asserted by the named Plaintiffs. Based on the limited information available at this stage of the litigation, Defendant believes the claims asserted by Plaintiffs are not suitable for resolution as a class action. The hours worked by and wages paid to the individuals in the proposed class will vary significantly.*
>
> *Defendant denies Plaintiffs' allegations of violation of the Fair Labor Standards Act, the New Jersey Wage and Hour Law, sexual discrimination, retaliation, and hostile work environment under the New Jersey Law Against Discrimination, violation of the New Jersey Conscientious Employee Protection Act, the Equal Pay Act of 1963, the Family and Medical Leave Act, and the New Jersey Earned Sick Leave Law. Defendant further maintains that Plaintiffs were paid all overtime to which they are entitled, were paid salaries commensurate with their positions and which are not discriminatory based on any protected class, that any employment actions taken with respect to Plaintiffs were lawful, and based on legitimate, non-discriminatory and non-retaliatory reasons. Defendant further maintains that Plaintiffs were not subjected to any hostile work environment, nor did Defendants discriminate or retaliate against Plaintiffs for requesting or interfere with any request for leave pursuant to the Family Medical Leave Act.*

3.   Have settlement discussions taken place? Yes_____   No__X____

       a)   What was plaintiff's last demand?

           (1) Monetary Demand: $ N/A__
           (2) Non-monetary demand: $N/A__

       b)   What was defendant's last offer?

              (1) Monetary Demand: $ <u>N/A</u>
              (2) Non-monetary demand: $<u>N/A</u>

4. The parties [have <u> X </u> have not _____] met pursuant to Fed. R. Civ. P. 26(f).

5. The parties [have ___ have not <u> X </u>] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

   *The parties shall exchange disclosures pursuant to Rule 26 no later than fourteen (14) days after the Status Conference.*

6. Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1)

   *The parties shall exchange disclosures pursuant to Rule 26 no later than fourteen (14) days after the Status Conference.*

7. The parties [have _____ have not <u> X </u>] conducted discovery other than the above disclosures. If so describe.

8. Proposed Joint Discovery Plan:

   (a) Discovery is needed on the following subjects:

   *(1) The factual basis for Plaintiffs' claims;*

   *(2) Plaintiffs' claim for damages, including, but not limited to, emotional distress damages, and mitigation efforts;*

   *(3) Plaintiffs' basis for alleging these claims should proceed on a class basis, including the scope and definition of Plaintiffs' proposed class;*

   *(4) Defendants' defenses to Plaintiffs' claims, including Plaintiff's claim for damages.*

   *(5) Any documents related to Plaintiff's claims and Plaintiff's alleged damages, and any documents related to Defendants' defenses to Plaintiff's claims and defenses to Plaintiff's claim for damages.*

   (b) Discovery [should <u> X </u> should not ____] be conducted in phases or be limited to particular issues. Explain.

   *Discovery of claims and defenses as to Plaintiffs individually should be a separate phase from a subsequent discovery period on class action allegations.*

   (c) Proposed Schedule:

      (1) Fed. R. Civ. P. 26 Disclosures: November 22, 2024

      (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d): November 22, 2024

      (3) Service of initial written discovery demands: December 23, 2024

      (4) Maximum of 25 interrogatories by each party to each other party.

      (5) Maximum of 10 depositions to be taken by each party.

      (6) Motions to amend or to add parties to be filed by: January 31, 2025

      (7) Factual discovery to be completed by: September 30, 2025

      (8) Plaintiff's expert report due on: September 15, 2025

      (9) Defendant's expert report due on: October 15, 2025

      (10) Expert depositions to be completed by: November 14, 2025.

      (11) Dispositive motions to be served within 60 days of completion of discovery, or at a date to be determined following the close of fact and expert discovery.

(d) Set forth any special discovery mechanism or procedure requested. <u>None anticipated at this time.</u>

(e) A pretrial conference may take place on: a date to be determined by the Court at least 45 days following the resolution of any dispositive motions.

(f) Trial date: to be set by the Court, at least 60 days after the decision of any dispositive motion. (__X__ Jury Trial; _____ Non-Jury Trial)

**ALL DATES SUBJECT TO CLASS CERTIFICATION**

9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes ____ No __X__. If so, please explain.

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?

    Yes _____   No __X__.

    If so, how will electronic discovery or data be disclosed or produced? Describe any agreement reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

11. Do you anticipate entry of a Discovery Confidentiality Order? See L. Civ. R. 5.3(b) and Appendix S.

4

       Yes __X__   No _____.

12. Do you anticipate any discovery problem(s) not listed above? Describe.

    Yes _____   No __X__.

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (<u>i.e.</u>, after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

    *The case may be appropriate for mediation and/or a settlement conference following a ruling on Class and Collective Certification and the completion of written discovery.*

14. Is this case appropriate for bifurcation? Yes __X__   No _____.

    *As Plaintiffs seek punitive damages, bifurcation at trial as to punitive damages is appropriate.*

15. An interim status/settlement conference (with clients in attendance) should be held in: at a time to be determined by the Court, at least 45 days after the Status Conference.

16. We do ___ do not __X__ consent to the trial being conducted by a Magistrate Judge at this time.

17. Identify any other issues to address at the Rule 16 Scheduling Conference.

    None at this time.

_____  10/24/24
Attorney(s) for Plaintiff(s) / Date

*/s John F. Tratnyek 10/30/2024*
_____
Attorney(s) for Defendant(s) / Date